UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:18 CR 268 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEMETRION GROSS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Demetrion Gross' Objection to Magistrate Judge's Order of Detention, and request for bond. (ECF #11). Mr. Gross was remanded to the custody of the U.S. Marshal at the conclusion of his initial appearance and arraignment before Magistrate Judge Jonathan D. Greenberg on December 13, 2024. A detention hearing was held by Magistrate Judge James E. Grimes, Jr. December 19, 2024, after which Magistrate Grimes ordered that Mr. Gross remain detained. (ECF #10). Mr. Gross now objects to the detention order and seeks a de novo review by this Court. (ECF #11).

## PROCEDURAL HISTORY

Mr. Gross was indicted in May of 2018 on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and a warrant was issued for his arrest. (ECF #1, 2, 5). He evaded arrest from May of 2018 to December of 2024. At the detention hearing the government established that he knowingly evaded arrest, even going so far as to deprive himself of necessary care for serious medical issues in order to avoid being identified and arrested. He has an extensive criminal history dating back to 1999, which includes

multiple weapons charges, assaults, child endangerment, theft and possession of drugs. He also has a history of violating probation and of escape. (ECF #5).

## STANDARD OF REVIEW

When a detention order is issued by a magistrate and the Defendant timely objects to the Order, the district court conducts a *de novo* review . *United States v. Alexander*, 742 F.Supp. 421, 423 (N.D. Ohio 1990). The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). In order to justify detention, an inability to reasonably assure the safety of any person and the community must be shown by clear and convincing evidence. *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). A risk of flight can be established by a preponderance of the evidence. *Id.*

## ANALYSIS

Defendant has not identified any factors that would invalidate the Magistrate's finding that detention is warranted. The Bail Reform Act. Title 18 U.S.C. Section 3142 permits pre-trial detention if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*; *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095 (1987).

A. <u>Risk of Flight</u>

Mr. Gross has a history of non-appearance in prior cases. His criminal history includes multiple instances of probation violations and an escape charge. Further, he knowingly evaded arrest in this case for more than six years. In doing so he took extreme measures to avoid detection, including failing to obtain medical care for serious issues in order to prevent being

identified and arrrested. Although he is reportedly a life long resident of Northeast Ohio and has family support, these influences were present during the six years he avoided arrest and did not prevent him from evading the charges in this case. Therefore, the Court finds that the Government has shown, by a preponderance of the evidence, that Mr. Gross poses a serious risk of non-appearance if he is not detained pending trial.

B. <u>Safety of the Community</u>

In determining whether there is a justification for detention based on the safety of others and the community, the Court is required to consider four factors: (1) the nature and circumstances of the crime charged, including whether it involves a firearm or a controlled substance offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that defendant's release would pose. 18 U.S.C. §13142(g). These § 3142(g) factors weigh in favor of Defendant's detention in this case. With regard to the nature and circumstances of the offense charged, the charge of possession of firearms and ammunition weighs against release. Given Defendant's criminal history, and his prior possession of firearms and assault charges, it is reasonable to find that there is a high risk of danger to community. This factor, therefore, weighs in favor of detention.

Defendant's history and characteristics also weigh in favor of detention. Mr. Gross has a significant criminal history including weapons charges, assault, and endangerment charges. He has a history of violence and weapons usage. He has been arrested multiple times, including for similar criminal conduct, and has remained undeterred by his prior incarcerations. This factor weighs in favor of detention.

As demonstrated by the violent nature of Mr. Gross's prior crimes, Mr. Gross is cable of,

and prone to demonstrations of violent behaviors that could cause serious harm to the community. Further, as he has shown that he has access to firearms despite being legally prohibited from obtaining or possessing them, he has the opportunity to continue his violent behavior and to cause serious and potentially deadly harm to the community. The clear and convincing evidence available to this Court demonstrates that Mr. Gross poses a serious safety risk to the community and that detention is, therefore, appropriate.

## CONCLUSION

For the reasons set forth above, the Court finds that there is no condition of combination of conditions that could reasonably assure that Mr. Gross would appear as required for his trial and other proceedings if he were to be released pending trial.  In addition, there is no condition or combination of conditions that would reasonably assure the safety of other persons and the community.Mr. Gross's objections to Magistrate Judge's Order of Detention are not well taken. The request for bond is DENIED.  (ECF #11).     A pre-trial remains set for January 6, 2025 at 9:30 a.m..

IT IS SO ORDERED.

DATED December 30, 2024

DONALD C. NUGENT
United States District Judge

4